UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Bruce Newell Townsend,

              Petitioner,

—v—

Merrill Lynch, Pierce, Fenner & Smith, Inc.,

              Respondent.

18-cv-5939 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Petitioner brings this motion to vacate an arbitration award granted to Respondent by an arbitration conducted by the Financial Industry Regulatory Authority ("FINRA"). Petitioner principally contends that he had no knowledge of the arbitration against him due to FINRA's failure to serve notice at either his permanent residential address or his work address until nine days before the arbitration award was issued. Petitioner also contends that the arbitrator improperly exceeded its authority by awarding attorneys' fees to Respondent. For the reasons given below, the Court denies Petitioner's motion.

I.    BACKGROUND

The Court takes the following facts from the parties' filings, which are undisputed except where otherwise indicated. Respondent Merrill Lynch is a securities brokerage firm and a member of FINRA. Petitioner Townsend was hired by Respondent in 2011 and at that time accepted a loan of $827,000 from his employer. Dkt. No. 21 at 1. This loan was secured by a promissory note, which was modified once in 2017. Dkt. No. 21 Exs. 1 & 2. In the promissory note, Petitioner also agreed to pay Respondent's legal fees if a legal proceeding was brought to collect money owed under the note. Dkt. No. 21 Ex. 1 at 3 § 4; Ex. 2 at 3-4 § 4. On November

1

29, 2017, Petitioner resigned from Merrill Lynch and went to work for Wells Fargo Advisors. Dkt. No. 21 at 2.

When Petitioner's employment at Merrill Lynch began, he informed Merrill Lynch that his address was 2271 Crystal Drive, Rochester Hills, MI 48309 ("Rochester Hills Address"). Dkt. No. 21 at 2; Dkt. No. 21-4. As of November 2017, Petitioner changed his address with Merrill Lynch to 15199 Bridgeview, Sterling Heights, MI 48313 ("Sterling Heights Address"). Dkt. No. 21 at 2; Dkt. No. 21-5. Petitioner asserts in his declaration that he resided at the Sterling Heights address only for "a brief period of time while the floors of [his] permanent residence were being replaced." Dkt. No. 4 ¶ 10. Respondent counters that Petitioner never informed Merrill Lynch that the Sterling Heights Address was only temporary and that Petitioner never updated his address on record with Merrill Lynch—neither of which Petitioner disputes. Dkt. No. 21 ¶ 16.

On January 26, 2018, Merrill Lynch filed a Statement of Claim with the FINRA Office of Dispute Resolution over the amount that it claimed Petitioner still owed under the promissory notes. Dkt. No. 21-3 at 2. FINRA sent a Claim Notification letter, dated January 29, 2018, to the Sterling Heights address by regular mail. Dkt. No. 21-3 at 2-7; Dkt. No. 1-6, at 2. In a letter dated March 21, 2018, FINRA informed Petitioner that it had not yet received a Statement of Answer from him and that accordingly no hearing would be held. Dkt. No. 21-3, at 14. The March 21 letter was sent by certified mail, Dkt. No. 1-6, at 2, to the Sterling Heights Address, Dkt. No. 21-3, at 14. In a letter dated May 14, 2018 ("May 14 Letter"), FINRA again informed Petitioner that it had not received a Statement of Answer and that this could result in default proceedings. Dkt. No. 21-3, at 16. The May 14 Letter, however, was sent to Petitioner's work address at his new employer, Wells Fargo. Dkt. No. 21-3, at 16. This was followed by several

further letters, including a Notice of the Arbitrator dated May 18. Dkt. No. 21-3, 17-48. Petitioner asserts, and Respondent does not provide any evidence to dispute, that the May 14 letter was only received by Wells Fargo for forwarding to Petitioner by May 21. Dkt. No. 1 ¶ 27.[1] Respondent asserts, and Petitioner does not dispute, that Petitioner did not send any communication to the Arbitrator between May 21 and May 30. Dkt. No. 21 ¶ 38.

The Arbitrator issued the award in Respondent's favor on May 30, 2018. Dkt. No. 21-3, 50-53. In the award, the Arbitrator found that Petitioner had been adequately served by the January 29 letter through "regular mail and certified mail as evidenced by the signature card on file"; the March 21 letter through "certified mail as evidenced by the signature card on file"; and the May 18 letter through regular mail. Dkt. No. 21-3, at 50-51. Petitioner now moves to vacate the award on the grounds that he was not properly served and that the Arbitrator exceeded its authority. Dkt. No. 1.

## II. LEGAL STANDARD

"[A]n extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Indeed, "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). And the award should be confirmed "if a ground for the arbitrator's

---

[1] In certain places in Petitioner's motion and declaration it states that he did not receive the correspondence through his Wells Fargo address until "March 21, 2018" rather than "May 21, 2018." *Compare* Dkt. No. 1 at ¶¶ 22-23 and Dkt. No. 4 ¶ 16 *with* Dkt. No. 1 ¶ 27 and Dkt. No. 4 ¶ 18. However, since Petitioner also repeatedly states that March 21" was "only nine days before an award was rendered," Dkt. No. 1 ¶ 23 & Dkt. No. 4 ¶16, and Respondent does not contend that March 21, 2018 is the correct date, the Court assumes that this is a typo on Petitioner's part.

3

decision can be inferred from the facts of the case." *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

Accordingly, "[a] party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *Id.* (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). A court may vacate an award if (1) "the award was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators…;" (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). In addition, an arbitrator's award may be vacated under Section 10(a) if it is in "manifest disregard of the law" or "manifest disregard of the terms of the parties' relevant agreement." *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451-52 (2d Cir. 2011) (internal brackets and quotation marks omitted).

## III. ANALYSIS

Turning now to the merits, Petitioner contends that the award must be vacated because service of process for the arbitration was deficient. Defendant opposes and moves for attorneys' fees on this motion. The Court addresses each argument in turn.

### A. Petitioner Has Failed to Show that Service of Process Was Deficient

Petitioner argues that FINRA's failure to properly serve notice on Petitioner was a violation of FINRA's own rules governing the service of process and thus constituted manifest disregard for the law and was a decision in excess of the arbitrator's authority. Respondent counters that Petitioner himself admits that he had actual notice by May 21, which was

4

sufficient. Responder further contends that it was Petitioner's fault that the previous letters were sent to the Sterling Heights Address, since Petitioner provided Merrill Lynch with that address and never informed Merrill Lynch that it was temporary.

"[I]n the context of arbitration, the standards for service are liberally construed." *Novorossiysk Shipping Co. v. China Pac. Prop. Ins. Co.*, No. 06-cv-2312 (WHP), 2006 WL 3055964, at *2 (S.D.N.Y. Apr. 17, 2006) (citing cases). Indeed, the "sole function of process . . . is to notify [the other party] that proceedings had commenced." *MidOil USA, LLC v. Astra Project Fin. Pty Ltd.*, No. 12-cv-8484 (PAC), 2013 WL 4400825, at *2 (S.D.N.Y. Aug. 15, 2013), *aff'd*, 594 F. App'x 48 (2d Cir. 2015) (internal brackets omitted). As a result, failure to follow the formal rules for service will not justify vacating an arbitral award so long as there is actual or constructive notice. *See Marsillo v. Geniton*, No. 03-cv-2117 (TPG), 2004 WL 1207925, at *6 (S.D.N.Y. June 1, 2004); *Matter of Lauritzen Kosan Tankers (Chem. Trading, Inc.)*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995). However, some notice is still required, and the absence of both actual and constructive notice may warrant vacating the award. *See Marsillo*, 2004 WL 1207925, at *5-6 (total lack of notice could constitute an arbitrator acting in excess of their authority or a violation of fundamental fairness); *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 210 (4th Cir. 2008) (vacating an arbitral award where notice was not given pursuant to the terms of the contract and there was no actual notice).

Petitioner's motion fails because he has not introduced any evidence that he was actually unaware of the arbitration against him prior to May 21. On this motion to vacate an arbitration award, Petitioner bears a demanding burden of proof. *D.H. Blair*, 462 F.3d at 110. Yet Petitioner introduces no evidence proving that he truly lacked notice of the arbitration before May 21. Petitioner's declaration only asserts that he "did not receive *service of process* of the

FINRA arbitration," that he "was never *served* with a copy of the [Statement of Claim]," that he "received no Notices from FINRA and did not receive any discovery or hearing submissions from Respondent, and did not receive a copy of the award in the underlying arbitration, *at the [Rochester Hills Address]*," and finally that he "did not have Notice of the Proceeding in time to File an Answer, present counterclaims, or defend [himself] at a hearing *as [he] did not receives [sic] service of process* in a timely fashion." Dkt. No. 4 ¶¶ 12-16, 20 (emphases added); *see also* Dkt. No. 1 ¶¶ 18-21, 29 (same). But for all Petitioner's claims that *service* was not properly effectuated and that correspondence was not received at his Rochester Hills Address, he never asserts that prior to May 21 he was actually unaware of the arbitration proceeding against him. It is consistent with the evidence Plaintiff presents that even though correspondence was initially sent to the wrong address, Plaintiff nonetheless was aware of the arbitration before May 21. Indeed, the Court notes that none of the letters were returned as undeliverable. Dkt. No. 1-6; Dkt. No. 21 ¶ 15. Accordingly, Petitioner has failed to produce evidence showing that he lacked actual or constructive notice of the arbitration against him.

In the alternative, even if Petitioner only received actual notice by May 21, he has not shown that this was fundamentally unfair. Petitioner admits that he received the May 14 Letter by May 21. Dkt. No. 1 ¶ 27 and Dkt. No. 4 ¶ 18. Respondent argues that this is sufficient notice, pointing to *Marsillo* for the proposition that actual notice "at some point before the [arbitral] hearing was held" is sufficient. *Marsillo*, 2004 WL 1207925, at *6. However, the Court declines to adopt a rule under which notice received at *any* point before an award is sufficient, even if it was only the day before. Nonetheless, based on the circumstances in this case, the Court finds that Petitioner has not met his burden of showing that the notice he received was fundamentally unfair. Petitioner had over a week after May 21 to contact FINRA, but does

6

not dispute that he failed to do so. Dkt. No. 21 at ¶ 20, 16. Nor does Petitioner present any evidence as to why nine days of notice was not sufficient for him to contact FINRA. Petitioner also failed to update his address with Merrill Lynch, despite the Sterling Heights Address being only temporary and despite the fact that under the Note "all outstanding principal and accrued but unpaid interest on this Note shall become due and immediately payable if . . . the undersigned's employment with Merrill Lynch is terminated for any reason." Dkt. No. 2-2 § 2. As Petitioner does not dispute the arbitrator's conclusion that outstanding principal remained on the Note at the time that he departed Merrill Lynch, Dkt. No. 2-1 at 2, Petitioner was on notice that correspondence related to the Note could arrive at the Sterling Heights Address. Yet Petitioner offers no evidence that he took any steps to receive any such correspondence. Therefore, the Court concludes in the alternative that Petitioner has not met his burden to show that receipt of notice by May 21 was so insufficient as to render the award fundamentally unfair.

For the reasons above, the Court therefore DENIES Petitioner's motion to vacate the award for lack of notice.

### B. The Arbitrator's Award of Attorney's Fees Was Not Improper

Respondent argues that under the parties' contract, it is entitled to reasonable attorneys' fees incurred in responding to Petitioner's instant motion. The Court agrees.

Petitioner argues that the Court cannot award attorney's fees because the Federal Arbitration Act does not provide statutory authority to award such fees. However, "a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) (citing *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir.1993)). There is no exception to this general principle in the arbitration context. *See, e.g., Alcatel Space, S.A. v. Loral Space &*

7

*Commc'ns Ltd.*, No. 02-cv-2674 (SAS), 2002 WL 1391819, at *6 (S.D.N.Y. June 25, 2002). Section 4 of the parties' Promissory Note reads: "Where permitted by law, the undersigned shall reimburse the Lender for any and all damages, losses, costs and expenses (including attorneys' fees and court or arbitrator costs) incurred or sustained by the Lender as a result of the breach by the undersigned of any of the terms of this Note or in connection with the enforcement of the terms of this Note or in connection with the enforcement of the terms of this Note." Dkt. No. 21-1 at 4. Thus, the Note plainly awards Respondent attorneys' fees incurred in connection with enforcement of the Note. Since Petitioner's instant motion is an attempt to vacate an award under the Promissory Note in Respondent's favor, this action is connected to the Note's enforcement. Accordingly, the Court holds that Respondent is entitled to reasonable attorneys' fees for this action.

## IV. CONCLUSION

For the reasons above, Petitioner's motion to vacate the award is hereby DENIED in its entirety. This resolves docket item number 1.

Within two weeks of the date of this Order, Respondent shall file an accounting of the expenses, costs, and attorneys' fees related to the above filings. This accounting shall include an affidavit of counsel detailing the relevant attorneys' time spent, an itemized statement of out-of-pocket costs, and contemporaneous time sheets supporting the time claimed. If Petitioner wishes to file a response, he shall do so within one week of the date of Respondent's filing.

SO ORDERED.

Dated: September ___, 2019
New York, New York

8

_____
ALISON J. NATHAN
United States District Judge