Case 1:18-cv-05939-AJN   Document 26   Filed 04/30/20   Page 1 of 8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bruce Newell Townsend,

                Petitioner,

–v–

Merrill Lynch, Pierce, Fenner & Smith, Inc.,

                Respondent.

18-cv-5939 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Respondent in this arbitration matter seeks attorney's fees and costs. For the reasons below, the Court GRANTS this request in part and DENIES it in part. Respondent is awarded $7431.70 in attorney's fees and $15.08 in costs, for a total of $7446.78.

### I. BACKGROUND

    Petitioner Bruce Townsend initiated this case to vacate an arbitration award granted to Respondent Merrill Lynch in an arbitration conducted by the Financial Industry Regulatory Authority. Dkt. No. 1. Petitioner principally contended that he had no knowledge of the arbitration against him due to a failure to serve notice at either his permanent residential address or his work address until nine days before the arbitration award was issued. Petitioner also argued that the arbitrator improperly exceeded its authority by awarding attorney's fees to Respondent. *See* Dkt. No. 2.

    On September 19, 2019, the Court denied Petitioner's motion to vacate the award. Dkt. No. 24. The Court also held that, pursuant to the parties' contract, the Respondent was entitled to reasonable attorney's fees for this action. *Id.* at 7–8. The Court then ordered Respondent to file an accounting of the expenses, costs, and attorney's fees. The Court further stated that if

"Petitioner wishes to file a response, he shall do so within one week of the date of Respondent's filing." *Id.* at 8.

On October 2, 2019, Respondent filed an accounting, which detailed the relevant attorney's time spent, contained an itemized statement of out-of-pocket costs, and provided contemporaneous time sheets supporting the time claimed. Dkt. No. 25. Petitioner never filed a response. The Court now reviews this request.

## II. LEGAL STANDARD

The Court has broad discretion to determine the amount of fees to be awarded. *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). In *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, the Second Circuit articulated the method for calculating reasonable attorney's fees. 522 F.3d 182 (2d Cir. 2008). Under this approach, the Court must first set forth a "reasonable hourly rate" for each attorney and staff member, keeping in mind all case-specific variables. *Id.* at 190. Second, the Court must determine the number of hours reasonably expended. *Id.* Third, the Court must multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Margolies v. Cnty. of Putnum N.Y.*, 2011 WL 721698, at *1 (S.D.N.Y. 2011). The product of these two figures is known as the lodestar. *See, e.g., LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763–64 (2d Cir. 1998). The lodestar constitutes the "presumptively reasonable fee." *Kreisler v. Second Ave. Diner Corp.*, 2013 WL 3965247, at *1 (S.D.N.Y. 2013).

The burden is on the party seeking attorney's fees to establish entitlement to an award and to submit sufficient evidence to support the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 437. Accordingly, "[t]he applicant should exercise billing judgment with

respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.*

### III. RESPONDENT'S REQUEST IS GRANTED

Respondent seeks to recover $7,557.70 in fees and $15.08 in costs, totaling $7572.78. The attorneys propose various hourly rates and represent that they worked 30.6 hours on this matter. Dkt. No. 25 at 2. The Court first assesses whether the hourly rate and hours worked are reasonable and then considers whether reductions to the lodestar amount are warranted.

#### A. Hourly Rates

The Court begins with the attorneys' hourly rates. To determine the appropriate hourly rate, the Court considers "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011) (internal quotation marks omitted). In addition, the Second Circuit has adopted a "forum rule," requiring the use of "hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* at 289 (internal quotation marks omitted). The Court may also adjust base hourly rates to account for case specific variables such as the complexity of the issues and the attorneys' experience. *See, e.g., MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kowancki LLC*, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (adjusting fees based on case specific matters).

Respondents seek to recover fees for four attorneys: Sean Duffy, Jason Roberts, Cynthia Morgan, and Jeff Csercsevits. These attorneys all work for Rubin, Fortunato & Harbison P.C., a Pennsylvania-based law firm.

The Court begins with Sean Duffy and Jason Roberts, who are both "shareholders" in the law firm, the equivalent of a partner. Sean Duffy is a shareholder in the firm and has been

practicing law for 22 years.  His billing rate for 2018 was $294/hour.  Jason Roberts is also a shareholder and has been practicing for 12 years.  His billing rate was $273/hour.

The Court concludes that these hourly rates are reasonable.  *See Watkins v. Smith*, 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases.").  Indeed, for partners of comparable experience, courts in this District have regularly found hourly rates even higher than these to be reasonable.  *See, e.g., Carlton Grp., Ltd. v. Par-La-Ville Hotel & Residences Ltd*., 2016 WL 3659922, at *3 (S.D.N.Y. 2016) ("$450 per hour is reasonable compensation for experienced partners and senior attorneys practicing in the Southern District of New York.") (citations omitted); *Tomato Mgmt., Corp. v. CM Produce LLC*, 2014 WL 2893368, at *3 (S.D.N.Y. 2014); *Verizon Directories Corp. v. AMCAR Transp. Corp*., 2008 WL 4891244, at *5 (S.D.N.Y. Nov. 12, 2008) (rates of $425 and $525 reasonable for partners with "extensive experience"); *Silberblatt v. Morgan Stanley*, 524 F.Supp.2d 425, 434 (S.D.N.Y. 2007) (reasonable that partner bill at $550 per hour); *Sheehan v. Metro*. Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (rate of $425 per hour for partner, in breach-of-contract case, was reasonable); *Held & Hines LLP v. Hussain*, 2019 WL 5722128, at *4 (S.D.N.Y. 2019) (awarding $400 to partners), *adopted as modified*, 2019 WL 4727465 (S.D.N.Y. 2019).  Because Duffy and Roberts' billing rates are well within this range, they are reasonable.

The third attorney, Cynthia Morgan, is an associate at the firm.  Morgan has practiced law for 6 years, and her billing rate was $227.  The Court concludes that this too is a reasonable hourly rate, as courts in this District have awarded between $200 to $450 to associates in similar cases.  *See, e.g., Travel Leaders Grp., LLC v. Corley*, , 2019 WL 6647319, at *16 (S.D.N.Y. 2019); *Plus Enters. LLC v. Sun Trading Int'l, LLC*, 2017 WL 6492117, at *9 (S.D.N.Y. 2017)

(approving $230 and $260 rates for associates in small law firm), *adopted by* 2017 WL 6496541 (S.D.N.Y. Dec. 15, 2017); *Genger v. Genger*, 2015 WL 1011718, at *2 (S.D.N.Y. 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range of $200 to $450 per hour."); *H.B. Auto. Grp., Inc. v. Kia Motors Am., Inc.*, 2018 WL 4017698, at *8 (S.D.N.Y. July 25, 2018) (recommending an hourly rate of $350 for a mid-level associate, and collecting cases), *report and recommendation adopted*, 2018 WL 4007636 (S.D.N.Y. 2018); *Nautilus Neurosciences, Inc. v. Fares*, 2014 WL 1492481, at *3 (S.D.N.Y. 2014) (approving a $337.50 hourly rate as reasonable for a junior associate in an action to enforce a promissory note); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. B&L Moving & Installation, Inc.*, 2017 WL 4277175, at *7 (S.D.N.Y. 2017) (finding a $225 hourly rate reasonable for an associate with three years' experience) *adopted by* 2018 WL 705316 (S.D.N.Y. Feb. 8, 2018). Given her experience and the complexity of this case, an hourly rate of $225 is appropriate for Morgan.

The Court turns last to the hourly rate of the fourth attorney, Jeff Csercsevits. Csercsevits is reported to have billed .5 hours at a rate of $252. Dkt. No. 26. Respondent's affidavit in support of the fee award, however, says nothing about Csercsevits. Its billing records reflect that he is a shareholder of the firm. Unlike the other attorneys, Respondent provides no information about Csercsevits's experience or how long he has practiced law. As discussed, Respondent bears the burden to show the reasonableness of its request for fees. Yet it has provided little information for the Court to conduct this inquiry as to Csercsevits. Because the Court cannot determine the reasonableness of his hourly rate, the Court excludes the half hour billed by Csercsevits from its award.

### B. The Number of Hours

The Court turns next to the total number of hours billed. Respondent has submitted time records with details including dates, description of the services rendered, and hours expended. Dkt. No. 25. It shows that the three attorneys at issue here (excluding Csercsevits) billed a total of 30.1 hours in this litigation.

To determine the reasonable number of hours worked, the Court must strike a balance "between principles of thoroughness and efficiency." *LCS Grp. LLC v. Shire LLC*, 383 F. Supp. 3d 274, 280 (S.D.N.Y. 2019). The Court must examine the amount of time spent on each task and decide "how much of that time was reasonably expended given the scope and complexity of the litigation." *Pichardo v. C.R. Bard, Inc.*, 2015 WL 13784565, at *4 (S.D.N.Y. 2015) (internal quotation marks omitted). It may rely on "its own familiarity with the case, as well as its experience with the parties' evidentiary submissions and arguments." *Kreisler*, 2013 WL 3965247, at *3. And the Court may reduce the hours spent on the litigation to exclude excessive, redundant, or otherwise unnecessary time. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

The total number of hours is appropriate given the history of this litigation. As discussed, Petitioner in this matter filed a petition to vacate arbitration. Petitioner also filed a memorandum of law. Dkt. Nos. 1, 2. Respondents opposed the motion by providing an answer to the petition, a memorandum of law in opposition to the petition, and multiple exhibits detailing the history of the parties' dealings and the arbitration. The dispute between the parties raised various procedural issues, including whether service was proper. Still, Respondents benefited from a deferential standard of review. Given these factors, approximately 30 hours is a reasonable amount of time to spend on this litigation. And the three attorneys at issue did not bill for unnecessary or administrative work. *See, e.g.*, *Travel Leaders Grp., LLC v. Corley*, 2019 WL

6647319, at *16 (S.D.N.Y. 2019) (finding requested hours to be excessive because entries "reflect[ed] [attorneys performing] administrative work").

### C.     The Lodestar is Reasonable

The Court calculates the reasonable hourly rates and number of hours billed as follows:

| Attorney | Reasonable Hourly Rate | Reasonable Number of Hours | Total Fee |
|---|---|---|---|
| Sean Duffy | $294 | 6.40 | $1881.60 |
| Jason Roberts | $273 | 3.70 | $1010.10 |
| Cynthia Morgan | $227 | 20.00 | $4540.00 |

The lodestar figure is thus $7,431.70. The Court sees no reason to depart from this figure. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (noting that "the lodestar figure includes most, if not all, of relevant factors constituting a 'reasonable' attorney's fee.") (internal quotation marks omitted). The Court therefore awards the Respondents $7,431.70 in attorney's fees.

### D.     Costs

The Court may also award "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients" as a portion of attorney's fees. *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Again, the party seeking to recover costs must "adequately document[] and itemize[e] the costs requested." *Pennacchio v. Powers*, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011).

The Respondents seek to recover $15.08 for sending a package to opposing counsel on November 30, 2018. The Court presumes that Respondent served opposing counsel with its response to the petition to vacate arbitration, which was filed around that date. This cost is reasonable. Accordingly, the Court awards Respondents $15.08 in costs.

## IV. CONCLUSION

For the reasons stated above, Respondents' request for fees and costs is GRANTED in part and DENIED in part. Respondents are awarded $7431.70 in attorney's fees and $15.08 in costs, for a total of $7446.78. The Clerk of Court is respectfully ordered to enter judgment and close the case.

SO ORDERED.

Dated: April 30, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge